33 C.C.P.A. (Patents)

### Application of HUGHES.
### Patent Appeal No. 5056.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

Harold W. Mattingly, of Los Angeles, Cal. (Raymond Jones, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the examiner in rejecting claims 7, 8, and 9 which constitute all the claims in appellant's application for a patent on a sight tube designed to prevent the premature coagulation of blood in the process of transfusion.

The examiner held that the rejected claims lack invention over the disclosure of the prior art, that they call for the mere substitution of one known material for another, and that the claims as drawn are broader than the device described in appellant's specification. The Board of Appeals after reviewing the rejection of the claims upon the respective grounds enumerated by the examiner stated: "* * * We consider the disclosure insufficient to support such broad claims. It is therefore our conclusion that the Examiner's rejection was proper and it will be sustained."

The references are: Ronsin (Fr.), 349,-389, Mar. 23, 1905; Comer, 1,511,827, Oct. 14, 1924; Kirchner 2,261,065, Oct. 28, 1941; Swabacker 2,259,276, Oct. 14, 1941; Flynn 2,317,987, May 4, 1943; Moule 2,290,348, July 21, 1942.

Claim 7, which is illustrative as well as sufficiently descriptive of appellant's alleged invention, reads: "7. A transfusion needle comprising a metal needle proper for insertion into the vein of a patient, and a sight tube coupled thereto formed solely of a transparent organic, artificial, resinous materials having the characteristic of not being wetted by blood."

As hereinbefore described, the Board of Appeals noted the rejection of the appealed claims on the first two grounds enumerated by the examiner but made a specific holding only as to the third. From this it is inferred in appellant's brief that the Board based its decision entirely upon the third.

In his reasons of appeal, however, appellant has assigned as reversible error the action of the Board in holding that the rejected claims lack invention over the references hereinbefore enumerated and cited by the examiner, which holding includes the proposition that the substitution of one known material for another is not inventive.

The Patent Laws provide that before any inventor or discoverer shall receive a patent for his invention or discovery, he shall file in the Patent Office a written description of the same and of the manner and process of making and using it in such full, clear, concise, and exact terms as to enable any person skilled in the art to construct and use the same and so as to distinguish it from other inventions. See Section 4888, R.S., U.S.C., title 35, sec. 33, 35 U.S.C.A. § 33.

In compliance with the foregoing requirement of the statute, appellant in his application for a patent filed a specification which so far as pertinent reads: "It is a characteristic of the blood to have its clotting mechanism set into action by contact of the blood with any substance other than the lining of vessels in the body. This clotting action is aggravated by the "wetting" of surfaces over which the blood flows. Such clotting action is, however, substantially inhibited by flow surfaces which are not wet by the blood. It will therefore be noted that by employing the transparent plastic for the sight tube 4 in place of glass, I utilize the characteristic of plastics not to be wetted by blood to facilitate the ready passage of blood therethrough."

The sight tube which appellant claims to be inventive is described in his specification with reference to the drawings as follows: "* * * a sight tube member 4 which may be formed of suitable transparent plastic material such as Lucite, though I prefer to employ a thermosetting resin plastic because of its ability to retain its shape and hardness when subjected to high temperatures such as are required for sterilization of the needle unit. One form of plastic particularly adapted for this purpose is known as CR 38 or CR 39 resin. (made by Pittsburgh Plate Glass Co.)"

It will be noted in the specification as hereinbefore set forth that appellant mentions two plastics by name and describes a sight tube made of one form of plastic particularly adapted for the accomplishment of the desired result. Yet there is no such restriction defined in the appealed claims.

The import of appellant's argument is that by describing in his specification generally the properties which are required of the material employed to produce the desired result, he is entitled to cover in his claims not only the materials which he specifies by name as suitable for his purpose but also any other like materials which are not wetted by blood. That position appears to be in direct conflict with the statute which requires a written description of the alleged invention in full, clear, concise, and exact terms.

It is true, as pointed out in the Solicitor's brief, that "There is nothing in the specification to indicate, or suggest, that all materials having the physical characteristics specified in the claims will, like the two materials mentioned in the application, have the characteristic of not being wetted by blood." Appellant's disclosure therefore is not sufficient to support the broad field of transparent, organic, artificial resinous materials defined in the appealed claims and the allowance thereof cannot be here authorized. See Holland Furniture Co. v. Perkins Glue Co., 277 U.S. 245, 257, 48 S.Ct. 474, 72 L.Ed. 868; In re Ferris, 90 F.2d 363, 24 C.C.P.A., Patents, 1303, 1937 C.D. 697.

In view of the conclusion reached, it is unnecessary to discuss in this opinion the points and citations otherwise presented by appellant.

The decision of the Board of Appeals is accordingly affirmed.

Affirmed.